## Commonwealth v. Hutson.

(Decided January 17, 1911.)

### Appeal from Carlisle Circuit Court.

1. Local Option Law—Presumption of Physician.—Where a local option law (section 2558, Ky. Stats.), provides that a druggist may sell liquor only upon a prescription written, signed and dated by a physician, the failure of the physician to date the prescription invalidates it, and a sale thereunder affords no protection to the druggist.

2.  Same—Date of Prescription.—The druggist can not supply the omission of the physician to date the prescription, and an endorse-ment of the date thereon by the druggist does not validate the prescription so as to protect the druggist from prosecution under the local option statute.

JAMES BREATHITT, Attorney General, CHARLES M. MORRIS and R. L. SMITH for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE MILLER—Certifying the law.

Jim Hutson was indicted in the Carlisle circuit court for violating the local option law in force in Bardwell. On the trial the court peremptorily instructed the jury to find the defendant not guilty, and the Commonwealth appeals.

Clem Moore, to whom it is charged Hutson sold the liquor, testified that he obtained from Dr. Payne a pre-scription calling for a mixture of glycerine, syrup of wild cherry, rock candy and spirits of frumenti sufficient to make eight ounces; and upon this prescription he bought a half pint of whisky from appellee Hutson, a druggist. Dr. Payne corroborates Moore as to the prescription, and states that it was composed of six and a half ounces of spirits of frumenti, and an ounce and a half of the other ingredients when added together. He further tes-tified that he gave this prescription to Moore, who was suffering from a severe cold, coughing and pains in his chest.

The local option law, which prohibits the sale of in-toxicating liquors, excepts from its operation merchants and druggists who sell for medical purposes, on a pre-scription. The statute (section 2558) provides as fol-lows:

"The provisions of this act shall not apply to * * * druggists, unless it be written in the petition, notice and order for the election that the provisions of this law and prohibition shall apply to druggists; if not so written, then licensed druggists may sell for medical purposes, on a prescription written and signed by a regular prac-ticing physician, legally authorized to practice medi-cine, which prescription shall state the date thereof, the quantity thereof, the quantity prescribed, and the name of the person to whom it is prescribed. * * *"

The prescription in this case was without date when Dr. Payne delivered it to Moore, but Hutson indorsed on it in his own handwriting, the figures "11; 28, '09,"

to indicate the date on which the liquor was sold. The statute evidently contemplates and requires that the physician who gives a prescription should indorse the date upon it as part of the prescription, and further, that the date was to be considered a material part of the prescription. In the case of Hutson v. Commonwealth, 32 Ky. Law Rep, 392, on appeal from the Carlisle circuit court, Judge Hobson, in writing for an unanimous court, used this language:

"The prescription does not show the name of the person for whom the liquor is prescribed, or the date. The purpose of the statute is to prevent prescriptions doing duty more than once, or for a person other than that for whom it is given. Under the old statute, which did not contain these provisions, there was such abuse as to give rise to complaint; and so in this statute the Legislature carefully prescribed the form of the prescription, and also provided a penalty against the physician who gave a prescription when not necessary. In 17 Am. & Eng. Encyc. of Law, 356, it is said: 'A prescription, to authorize a sale, must in all things conform to the statute.' * * *

"To protect the druggist, the prescription of the physician must comply with the statute; for he is only authorized to sell in local option territory upon a prescription which conforms to the statute; and if the prescription does not in substance conform to the statute, the sale is unauthorized."

The statute does not authorize the druggist to date the prescription; that is the duty of the physician who gives the prescription; and under the statute it is an essential part of the prescription in cases of this character. The prescription used in this case afforded no protection to Hutson, and the court erroneously instructed the jury to find him not guilty.

This opinion is certified as the law of the case.